# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

BILLY FLETCHER,

    Plaintiff,

v.

J. DZURENDA *et al.*,

    Defendants.

Case No. 2:18-cv-01077-RFB-VCF

**ORDER**

Before the Court is Plaintiff's Motion for Preliminary Injunction / Temporary Restraining Order. ECF Nos. 13, 14. The Court grants the motion in part for the reasons stated below.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his complaint alleging various violations pursuant to 42 U.S.C. § 1983, including a deliberate indifference to serious medical condition claim, on June 15, 2018. ECF No. 1. On November 7, 2019, the Court screened the complaint and allowed Plaintiff's claims to proceed but dismissed certain defendants from the case. ECF No. 8. Plaintiff filed the instant motion on January 21, 2010. ECF Nos. 13, 14.

## II. FACTS ALLEGED

The Court summarizes the facts alleged in Plaintiff's Motion for Preliminary Injunction / Temporary Restraining Order. Plaintiff is an inmate in the custody of the Nevada Department of Corrections being held at Southern Desert Correctional Center in Indian Springs, Nevada. He has high blood pressure and is supposed to have his blood pressure checked weekly and receive certain medication. The medical staff at the prison have refused to follow the doctors' orders. The failure of prison staff to give Plaintiff proper medication and conduct weekly blood pressure checks has

resulted in him suffering from migraine headaches, dizziness, nausea, kidney pains, indigestion, nerve complication, and spotted and blurred vision from blackouts. He blacked out in February and March of 2018 due to such failure to receive his proper medication.

In 2019 Plaintiff sent several medical kites to the prison medical staff but they were all ignored. After months of no reply from staff, Plaintiff finally saw Dr. Candsman on December 12, 2019. On December 23, 2019 he blacked out again twice. He told a nurse that same day and she told him to file an emergency grievance. Plaintiff filed the grievance and submitted it on 2:36 PM that same day. On December 21, 2019 he put in a refill for his blood pressure medication, and he received the refill on December 27, 2019. The medication inside the bottle was 60 25mg tablets of Hydroxyzine Hydrochloride, which Plaintiff alleges is a sedative not used to treat high blood pressure that can cause death. Plaintiff seeks an order requiring Defendants to provide him with his prescribed medication for his blood pressure issues.

### III. LEGAL STANDARD

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised

and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

**IV. DISCUSSION**

The Court finds that Plaintiff meets the requirements for an emergency TRO/preliminary injunction to issue. Plaintiff has demonstrated serious questions going to the merits of his deliberate indifference to serious medical condition claim. He has shown that he is likely to face irreparable harm in the form of continued fainting episodes, dizziness, nausea, and other complications from the failure of prison staff to procure his medication. The Court also finds that the balance of equities tips in Plaintiff's favor, and that it is in the public interest for people who are incarcerated to receive adequate medical care and attention.

Accordingly, the Court will grant Plaintiff's motion for a temporary restraining order in part and order that Plaintiff immediately receive the proper blood pressure medication that he was previously prescribed. The Court finds that immediate and irreparable injury will result to Plaintiff before Defendants may be heard in opposition, and so the Court will issue this TRO without prior notice to the adverse party. After this order expires pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants shall be ordered to submit a response to Plaintiff's motion and submit a copy of all of Plaintiff's medical records pertaining to high blood pressure.

**V. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction / Temporary Restraining Order (ECF Nos. 13, 14) is GRANTED in part. Defendants shall immediately provide Plaintiff with his prescribed blood pressure medication and weekly blood pressure check.

/ / /

/ / /

/ / /

1    **IT IS FURTHER ORDERED** that Defendants shall submit with this Court a response to Plaintiff's motion that shall include a status update as to Defendants' compliance with this order and a copy of all of Plaintiff's medical records pertaining to his high blood pressure by no later than February 14, 2020.

DATED this 23rd day of January, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**