**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BILLY FLETCHER,

                    Plaintiff,

vs.

J. DZURENDA, *et al*.,

                    Defendants.

Case No. 2:18-cv-01077-RFB-VCF

**ORDER**

**-And-**

**ORDER TO SHOW CAUSE**

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 42)

Before the Court is pro se plaintiff Billy Fletcher's motion to amend the complaint. (ECF No. 32). Plaintiff Fletcher's motion is denied without prejudice. The Court sua sponte issues an order to show cause.

## I.    Background

Plaintiff was an inmate in the custody of the Nevada Department of Corrections at Southern Desert Correctional Center in Indian Springs, Nevada. (ECF No. 1). Fletcher has high blood pressure and was supposed to have his blood pressure checked weekly and receive certain medication. (*Id*.) Fletcher brings civil rights claims, including a deliberate indifference to serious medical condition claim, related to his allegations that the medical staff at the prison failed to treat him. (*Id*.) This Court screened the complaint and dismissed certain defendants from the case. (ECF No. 8). This Court granted plaintiff's motion for preliminary injunction / temporary restraining order in part and ordered that the remaining defendants immediately provide plaintiff with his prescribed blood pressure medication and weekly blood pressure checks. (ECF No. 15 at 3). Defendant Sonya Carillo's motion to dismiss (ECF No. 29) is fully briefed and pending before the Court. Plaintiff filed two motions for an appointment of

counsel (ECF Nos. 24 and 26) and the Court referred the matter to the pro bono program. (ECF No. 27). Since the plaintiff acknowledged that he had been in contact with pro bono counsel in his motion to extend time to file an amended complaint and stated that his pro bono counsel needed time to become familiar with his case, the Court ordered that plaintiff could file his motion by August 20, 2020 (ECF No. 38) and appointed pro bono counsel (ECF No. 39). Pro bono counsel filed a motion to withdraw on the grounds that Fletcher rejected their representation. (ECF No. 40). A day later, Fletcher filed the instant motion for leave to amend the complaint pro se. (ECF No. 42).

The Court set a telephonic hearing on pro bono counsel's motion to withdraw for September 21, 2020[1] and ordered that (1) plaintiff Fletcher must appear by telephone and (2) that defendant the Office of Nevada Attorney General ("AG") must make the arrangements for plaintiff Billy Fletcher to appear by telephone since he is incarcerated. (ECF No. 46). At the hearing, counsel for the AG represented to the Court that Fletcher has been released from prison. Fletcher did not make an appearance at the telephonic hearing and the Court granted pro bono counsel's motion to withdraw. (ECF No. 47).

## II.     Discussion

At this point in the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). The Court may sanction a litigant under its inherent authority for failure to follow its orders. See *Indiezone, Inc. v. Rooke*, 720 F. App'x 333, 337 (9th Cir. 2017). This Court previously ordered that, "[p]ursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action**."

---

[1] The Court first set a hearing for September 8, 2020(ECF No. 45) but due to a typographical error in the order the Court reset the hearing.

2

(ECF No. 36) (emphasis added). The Court also ordered Fletcher to appear at the telephonic hearing regarding his appointed pro bono counsel's motion to withdraw. When Fletcher failed to update his address with the Court and failed to appear at the September 21, 2020 hearing he violated these Court orders. The Court sua sponte issues an order to show cause.

The Court also denies Fletcher's motion to amend the complaint without prejudice. Plaintiff will not be prejudiced because he may renew his motion after the show cause hearing, as there is no scheduling order in this case yet.

ACCORDINGLY,

IT IS ORDERED that plaintiff Billy Fletcher's motion for leave to amend (ECF No. 42) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a telephonic show cause hearing is scheduled for October 14th at 2:30 PM. Plaintiff Billy Fletcher must appear via telephone for the show cause hearing: failure to appear may result in dismissal of this action.

The parties are directed to call in via telephone number is (888) 273-3658, access code: 3912597. The call must be made five minutes prior to the hearing time. The court will join the call and convene the proceedings. To improve sound quality, the parties should use a land line if possible. The use of a speaker phone during the proceedings is prohibited.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 30th day of September 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4