**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| BILLY FLETCHER,<br><br>                Plaintiff,<br><br>vs.<br><br>J. DZURENDA, *et al.*,<br><br>                Defendants. | 2:18-cv-01077-RFB-VCF<br>**REPORT AND RECOMMENDATION FOR DISMISSAL** |

Before the court is *Billy Fletcher v. J. Dzurenda, et al.*, case number 2:18-cv-01077-RFB-VCF.

On September 8, 2020, the court set a telephonic hearing on the Motion to Withdraw as Counsel (ECF No. 46). The Office of Nevada Attorney General was ordered to make arrangements for Plaintiff Billy Fletcher to appear by telephone at the 3:00 PM, September 21, 2020 hearing.

The court held a hearing on the Motion to Withdraw as Counsel on September 21, 2020. All parties appeared telephonically except for Plaintiff Fletcher. (ECF No. 47). At the hearing, counsel for the AG represented to the Court that Fletcher was released from prison. Fletcher did not make an appearance at the telephonic hearing and the Court granted pro bono counsel's motion to withdraw. (ECF No. 47).

This Court previously ordered that, "[p]ursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service

upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action." (ECF No. 36).

Here, Fletcher failed to update his address with the Court and failed to appear at the September 21, 2020 hearing. On September 30, 2020, the Court *sua sponte* issued an order to show cause hearing for October 14, 2020. (ECF No. 48).

On October 14, 2020, the court held a show cause hearing and Fletcher failed to appear.

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. See *McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Plaintiff has repeatedly failed to follow the rules of this Court. (ECF Nos. 36, 46 and 48). Plaintiff failed to comply with LR IA 3-1. (ECF No. 36). He failed to appear for the telephonic conference held on September 21, 2020, and failed to appear at the October 14, 2020 show cause hearing.

Accordingly,

IT IS HEREBY RECOMMENDED that this case be dismissed for failure to comply with Court Orders (ECF Nos. 36, 46 and 48).

The Court Clerk is directed to mail a copy of this order to Plaintiff.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of October, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE